# UNITED STATES DISTRICT COURT
## Middle District of Alabama

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>FREDERICK BALL MATTHEWS | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 2:11cr190-01-MHT<br>USM Number: 13695-002<br>Ronald Wayne Wise<br>Defendant's Attorney |

**Date of Original Judgment:** 1/26/2012
*(Or Date of Last Amended Judgment)*

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or
  ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☑ pleaded guilty to count(s)    One of the Felony Information on 11/10/2011
☐ pleaded nolo contendere to count(s)
  which was accepted by the court.
☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 2252A(a)(2) | Distribution of Child Pornography | 6/11/2010 | 1 |

The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☐ Count(s)           ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/16/2016
Date of Imposition of Judgment

/s/ Myron H. Thompson
Signature of Judge

MYRON H. THOMPSON,    U.S. DISTRICT JUDGE
Name and Title of Judge

12/16/2016
Date

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case  
Sheet 2 — Imprisonment  (NOTE: Identify Changes with Asterisks (*))

Case 2:11-cr-00190-MHT-SRW   Document 44   Filed 12/16/16   Page 2 of 7

Judgment — Page 2 of 7

DEFENDANT: FREDERICK BALL MATTHEWS  
CASE NUMBER: 2:11cr190-01-MHT

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

*90 Months

☑ The court makes the following recommendations to the Bureau of Prisons:

The court recommends that the defendant be designated to the Seagoville Facility, or as an alternative, to the FCI Fort Worth, Texas facility, where mental health treatment and sex offender treatment are available.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____  
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release
Case 2:11-cr-00190-MHT-SRW   Document 44   Filed 12/16/16   Page 3 of 7
(NOTE: Identify Changes with Asterisks (*))
Judgment—Page 3 of 7

DEFENDANT: FREDERICK BALL MATTHEWS
CASE NUMBER: 2:11cr190-01-MHT

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

Lifetime Supervision

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: FREDERICK BALL MATTHEWS
CASE NUMBER: 2:11cr190-01-MHT

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245C (Rev. 11/16) Case 2:11-cr-00190-MHT-SRW   Document 44   Filed 12/16/16   Page 5 of 7
Amended Judgment in a Criminal Case
Sheet 3D — Supervised Release                                                                          (NOTE: Identify Changes with Asterisks (*))

Judgment—Page 5 of 7

DEFENDANT: FREDERICK BALL MATTHEWS
CASE NUMBER: 2:11cr190-01-MHT

## SPECIAL CONDITIONS OF SUPERVISION

1. Defendant shall have no direct or indirect contact with the victims. He shall not associate with children under the age of 18 except in the presence of a responsible adult who is aware of the nature of his background and current offense, and who has been approved by the probation officer. Should defendant have incidental contact with a child, he is required to immediately remove himself from the situation and notify his probation officer within 24 hours of this contact.

2. Defendant shall participate in a mental health and/or sex offender treatment program as directed by the probation officer. He shall comply with all recommended treatment which may include psychological and physiological testing, such as a polygraph, a plethysmograph, and an ABEL assessment. He shall maintain use of all prescribed medications.

3. Defendant shall have all residences and employment pre-approved by the probation officer five days prior to any such change.

4. Defendant shall not possess or use any form of pornography or erotica nor enter any location where pornography or erotica can be accessed, obtained, or viewed, including electronically accessed materials.

5. Defendant shall not possess any sexually stimulating or oriented material deemed inappropriate by the probation officer, or patronize any place where such material or entertainment is available.

6. Defendant shall not reside in or visit any residence where minor children also reside without the approval of the probation officer.

7. Defendant shall not view, purchase or possess any images depicting minors engaged in sexual activity or actors representing themselves to be under the age of 18.

8. Defendant shall not be employed in any position or participate as a volunteer in any activity that involves contact with children under the age of 18, except as approved by the probation officer.

9. Defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer (in the lawful discharge of the officer's supervision functions) with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release. Failure to submit to such a search may be grounds for revocation. He shall warn any other residents or occupants that their premises or vehicle may be subject to search pursuant to this condition.

10. Defendant shall submit to unannounced examination of your computer equipment by the probation officer, which may include retrieval and copying of all data from the computer to ensure compliance with this condition. In addition, he shall consent to the removal of such equipment for the purpose of conducting a more thorough investigation and shall allow, at the discretion of the probation officer, installation on your computer any hardware or software system to monitor your computer use.

11. As required, defendant shall register with the state sex offender registration agency where you will reside, will be employed, will carry on a vocation, or will be a student. Following initial registration, he shall re-register as required by such state agency and should he move he shall notify such state agency of any change in address.

12. Defendant shall not loiter within 100 feet of any school property, playgrounds, arcades, childcare facilities, swimming pools, or other places primarily used by children under the age of 18.
13. Defendant shall not rent a post office box or storage unit without prior approval of the probation officer.
14. Defendant shall not form a romantic interest or sexual relationship with a woman or man with physical custody of any child or children under the age of 18.
15. Defendant shall consent to third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon him.
16. Defendant shall pay a sum of $30,000 to the National Center for Missing and Exploited Children or in the instance that contributions are not accepted, to another child advocacy program as agreed upon by the United States Probation Office. Defendant must provide proof of payment to the United States Probation Officer within 2 weeks of the date of the original judgment.

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties (NOTE: Identify Changes with Asterisks (*))

Case 2:11-cr-00190-MHT-SRW   Document 44   Filed 12/16/16   Page 6 of 7

Judgment — Page 6 of 7

DEFENDANT: FREDERICK BALL MATTHEWS
CASE NUMBER: 2:11cr190-01-MHT

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 15,000.00 | $ 12,500.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Carol L. Hepburn, PS | | $7,500.00 | |
| In trust for "Vicky" | | | |
| 2722 Eastlake Ave E. Suite 200 | | | |
| Seattle, WA 98102 | | | |
| | | | |
| Thomas M. Watson, Esq. | | $5,000.00 | |
| Gilfillan & O'Day, LLC | | | |
| 415 Hamilton Boulevard | | | |
| Peoria, Illinois 61602 | | | |

**TOTALS** $ 0.00  $ 12,500.00

☐ Restitution amount ordered pursuant to plea agreement $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments
Case 2:11-cr-00190-MHT-SRW Document 44 Filed 12/16/16 Page 7 of 7
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 7 of 7

DEFENDANT: FREDERICK BALL MATTHEWS
CASE NUMBER: 2:11cr190-01-MHT

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☑ Lump sum payment of $ 27,600.00 due immediately, balance due

    ☐ not later than _____, or
    ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

Defendant is ordered to pay to the U.S. District Court Clerk the assessment fee of $100.00 and a fine in the amount of $15,000.00. The fine is to be paid in one week from the date the sentence was imposed. ALL restitution payments are to be paid directly to the victims c/o their respective counsel. All criminal monetary payments are to be paid to the Clerk, United States District Court, Middle District of Alabama, One Church Street, Montgomery, AL 36104.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.